ALAN PEDLAR, Cal. Bar No. 72216
STUTMAN, TREISTER & GLATT
1901 Avenue Of The Stars, Suite 1200
Los Angeles, CA 90067-6013
Telephone:   (310) 228-5600
Facsimile:   (310) 228-5788
Reorganization Counsel for Debtors and Debtors
In Possession

FREDERICK D. HOLDEN, JR., Cal Bar No. 61526
ORRICK, HERRINGTON & SUTCLIFFE LLP
Old Federal Reserve Bank Building
400 Sansome Street
San Francisco, CA 94111
Telephone:   (415) 392-1122
Facsimile:   (415) 773-5759
Special Counsel for Debtors and Debtors
In Possession Western MacArthur
and MacArthur Co.

MICHAEL H. AHRENS, Cal. Bar No. 44766
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:   (415) 434-9100
Facsimile:   (415) 434-3947
Counsel for the Official Unsecured
Creditors' Committee

JAMES PENROD, Cal. Bar No. 43030
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:   (415) 442-1000
Facsimile:   (415) 442-1010
Special Counsel for Debtors
and Debtors In Possession

GARY S. FERGUS,
Cal. Bar No. 095318
FERGUS, a law firm
595 Market Street, Suite 2430
San Francisco, CA 94115
Telephone:   (415) 537-9032
Facsimile:   (415) 537-9038
Counsel to the Futures
Representative

PETER VAN N. LOCKWOOD,
D.C. Bar No. 086447
Admitted Pro Hac Vice
CAPLIN & DRYSDALE CHARTERED
One Thomas Circle, N.W.
Washington, D.C. 20005
Telephone:   (202) 862-5000
Facsimile:   (202) 429-3301
Counsel for the Official
Unsecured Creditors'
Committee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

JAN 2 7 2004

BANKRUPTCY COURT
OAKLAND, CALIFORNIA

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

| | |
|---|---|
| In re | Case Nos. 02-46284 T to 02-46286 T |
| WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., and MAC ARTHUR CO., | Jointly Administered Under No. 02-46284 T |
| | CHAPTER 11 |
| Debtors. | **ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF**[1] |
| | Date: January 23, 2004 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Leslie Tchaikovsky |
| | Place: Courtroom 201 |

This matter came before the Court upon the request for confirmation of the "Second Amended Joint Plan of Reorganization" (the "Plan")[2] filed November 18, 2003, by Western Asbestos Company ("Western Asbestos"), Western MacArthur Co. ("Western MacArthur") and Mac Arthur Co. ("Mac Arthur"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Official Unsecured Creditors' Committee in the above-captioned cases (the "Committee"); and the Honorable Charles B. Renfrew, the legal representative appointed by this Court to represent the interests of future asbestos claimants in the above-captioned cases (the "Futures Representative" and collectively with the Debtors and the Committee, the "Proponents").

As part of the confirmation process, on October 31, 2003, this Court entered its "Memorandum of Decision Re

---

[1] This Order was prepared by one of the firms listed above but has been modified to some extent by the Court.

[2] Capitalized terms utilized but not defined in this Order shall have the meanings ascribed to them in the Plan, including in the "Glossary Of Terms For The Plan Documents," Exhibit 1 to the Plan, the Plan Documents, the USF&G Settlement and the Hartford Settlement (as defined below). All references hereto to the Plan include references to the Plan Documents.

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-2-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 2 of 39

Confirmation Legal Issues" (the "Memorandum of Decision") and on December 5, 2003, entered its interlocutory "Order Summarily Adjudicating Certain Confirmation Issues" (the "Partial Summary Judgment Order"). The Partial Summary Judgment Order is hereby adopted as a final order of this Court and shall be deemed entered as a final order as of the date of entry of this Confirmation Order.

In addition, on January 20, 2004, this Court entered its "Order Under Fed.R.Bankr.P. 9019 Approving (1) Compromise And Settlement Agreement With Hartford, And (2) Certain Agreements Ancillary To Hartford Settlement Agreement" (the "Hartford Approval Order"), which Order approved the "Settlement Agreement And Release" (the "Hartford Settlement") embodying a settlement agreement with Hartford Accident and Indemnity Company ("Hartford"), which included a release of the Hartford Released Parties. Because of the Hartford Settlement and the Hartford Approval Order, Hartford has conditionally withdrawn all of its objections to confirmation. As a result, the only parties opposing confirmation of the Plan are: (a) General Accident Insurance Company of America, now known as OneBeacon Insurance Company ("General Accident"), (b) Argonaut Insurance Company ("Argonaut"), and (c) United States Fire Insurance Company ("U.S. Fire" and collectively with General Accident and Argonaut, the "Objecting Insurers"). No creditors have opposed confirmation of the Plan.

After notice, a trial was held on confirmation of the Plan, which commenced on November 10, 2003, and proceeded over a

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-3-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 3 of 39

several week period (the "Confirmation Hearing"). Appearances at the Confirmation Hearing were as noted in the record. Upon consideration of the record of the Confirmation Hearing (including all testimony proffered and exhibits admitted into evidence) and upon all pleadings heretofore filed and all proceedings heretofore conducted in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), this Court entered its "Memorandum Of Decision After Confirmation Hearing" (the "Confirmation Decision"). For the reasons set forth in both the Memorandum of Decision and the Confirmation Decision, after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED BY THE COURT THAT:**

A. <u>General Decrees and Implementation</u>.

1. The Plan, a copy of which is annexed hereto as Exhibit "A", is hereby confirmed as modified by this Order, including as provided in Paragraph R.59, *infra*.

2. All objections to Confirmation of the Plan, other than those withdrawn in writing prior to, or on the record at, the Confirmation Hearing, and other than those in respect of which the Court made rulings during the Confirmation Hearing, are hereby overruled.

3. Consistent with the Plan, the following agreements and documents, and all amendments, modifications and supplements thereto (which agreements and documents shall be substantially in the respective forms attached as exhibits to the Plan or as filed with the Court on October 24, 2003), including, without limitation, all annexes, exhibits, and schedules thereto, and all

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-4-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 4 of 39

terms and conditions thereof, are hereby determined to be fair and reasonable and are hereby approved: (a) the "Glossary Of Terms For The Plan Documents;" (b) the "Western Asbestos Settlement Trust Agreement;" (c) the "Trust Bylaws;" (d) the "Asbestos Personal Injury Settlement Trust Distribution Procedures;" (e) the "Case Valuation Matrix;" (f) the "Mac Arthur Note;" (g) the "Mac Arthur Pledge Agreement;" (h) the "Mac Arthur Business Loss Insurance Security;" and (i) the "Mac Arthur General Insurance Security." Without need for further order or authorization of the Bankruptcy Court, the Proponents, the Debtors after the Effective Date (the "Reorganized Debtors"), the Trust and the Trustees, and the TAC are hereby authorized and empowered to make any and all modifications to any and all documents included as part of the Plan Documents to the extent authorized by such Plan Documents.

4. All non-Class 4 Claims against the Debtors and all common stock Interests in the Debtors shall be unimpaired, except that the Trust shall acquire all of the common stock of Western Asbestos, and the common stock Interests of Mac Arthur shall be subject to the terms of the Mac Arthur Pledge Agreement.

5. The Proponents, the Reorganized Debtors, the Trust and the Trustees, the TAC, the Futures Representative and any other party whose cooperation is needed in connection with the Plan, are authorized and required to take all steps necessary and to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, including to

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-5-

1  establish the Trust, qualify it as a settlement fund within the
2  meaning of section 468B of the Internal Revenue Code and the
3  Treasury Regulations issued pursuant thereunder, receive the Trust
4  Assets, issue and distribute the Mac Arthur Note, the Mac Arthur
5  Pledge Agreement, the Mac Arthur Business Loss Insurance Security,
6  and the Mac Arthur General Insurance Security, issue stock of
7  Western Asbestos to the Trust, pay any fees due the Office of the
8  United States Trustee ("U.S. Trustee"), and otherwise consummate
9  the Plan upon the satisfaction of all conditions to the occurrence
10 of the Effective Date. The Chief Executive Officer, Chief
11 Financial Officer, President or any Vice President of any of the
12 Debtors or, in the case of Western Asbestos, any of its directors
13 or Amy Matthew, the Court-appointed responsible individual, shall
14 be authorized to act on behalf of the Debtors with respect to the
15 foregoing.

16      6.    All matters provided for under the Plan involving
17 the corporate structure of the Debtors or Reorganized Debtors, or
18 any corporate action to be taken by, or required of the Debtors or
19 Reorganized Debtors, shall be deemed to have occurred and be
20 effective as provided in the Plan, and shall be authorized and
21 approved in all respects without any requirement for further
22 action by the stockholders or directors of such entities.

23      7.    Except as otherwise expressly provided in the Plan,
24 on the Effective Date, the Reorganized Debtors shall be revested
25 with all of the assets and property of their former chapter 11
26 estates, and, following the Effective Date, the Debtors may
27 operate their businesses free of any restrictions imposed by the
28

Bankruptcy Code or by the Bankruptcy Court, or the guidelines of the U.S. Trustee.

8. Except for those causes of actions that have been compromised and settled, or which are transferred to the Trust pursuant to the Plan, prior orders of this Court or this Confirmation Order, all causes of actions of the Debtors shall be preserved and retained by the Debtors for enforcement subsequent to the Confirmation of the Plan.

9. With respect to causes of action that are transferred to the Trust pursuant to the Plan, prior orders of this Court or this Confirmation Order, on the Effective Date, the Trust is hereby designated as successor to the Debtors and as a representative of the chapter 11 estates, and is authorized as a matter of law to appear in and act on behalf of the Debtors in all pending actions and to pursue all such causes of action for the benefit of the holders of Asbestos Related Claims without any further required action by the Debtors or the Court. On the Effective Date (immediately after giving effect to the release in favor of the Settling Asbestos Insurance Companies), pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, except as otherwise provided by the Plan, the Trust shall be vested with and have the right to enforce against any Entity any and all of such causes of action, with the proceeds of the recovery of any such actions related to insurance for Asbestos Related Claims (including, without limitation, the Coverage Litigation) to be paid to the respective Debtor, as appropriate, subject to its respective obligations to the Trust under the Mac Arthur Business Loss

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WPS-SF:FJR\61400104

-7-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 7 of 39

1 Insurance Security and the Mac Arthur General Insurance Security;
2 provided, however, that the foregoing shall not alter, amend or
3 modify the injunctions, releases or discharges provided in the
4 Plan or this Order; and provided, further, that such injunctions
5 shall not preclude the Debtors from enforcing their rights with
6 respect to any indemnity obligations under the policies identified
7 in Exhibit A to the USF&G Settlement in respect of claims (other
8 than Asbestos Related Claims) up to total annual limits of
9 $100,000 per year for the policies referenced in Exhibit A thereto
10 in effect from 1953-July 1960, and $50,000 per year for the
11 policies referenced in Exhibit A thereto in effect from 1948-1952,
12 for a total potential obligation of $1,000,000; provided, however,
13 that in no event shall the USF&G Parties be responsible for any
14 defense costs arising out of such policies, such defense costs
15 being released (collectively, the "USF&G Continuing Indemnity
16 Obligations").

17         10.    Except as otherwise expressly provided in the Plan,
18 the Plan Documents or this Confirmation Order, the Committee, the
19 Futures Representative, the Trust and the Trustees, and the TAC
20 shall not, pursuant to the Plan or otherwise, have any
21 responsibilities for any liabilities or obligations of the Debtors
22 relating to or arising out of the operations of or assets of the
23 Debtors, whether arising prior to, on, or after the Confirmation
24 Date.  Neither the Reorganized Debtors with respect to Asbestos
25 Related Claims, nor the Trust with respect to non-Asbestos Related
26 Claims is, or shall be, a successor to the Debtors by reason of
27 any theory of law or equity, and none shall have any successor or

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF                -8-
WP8-SF:FJR\61400104

Case: 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 8 of
39

transferee liability of any kind or character, except that as provided in the Plan, the Plan Documents and this Confirmation Order.

  11. Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance or exchange of notes or equity securities under the Plan, the transfer of any assets or property pursuant to or in connection with the Plan, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any assignment executed in connection with any of the transactions contemplated under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

  B. The Trust.

  12. On the Effective Date, the Trust shall be established in accordance with the Plan Documents. As required by the Plan, the Proponents shall, prior to the Effective Date, take the steps necessary such that the Trust shall be a "qualified settlement fund" within the meaning of Section 468B of the IRC and the Treasury regulations issued pursuant thereto. The Trust shall be subject to the continuing jurisdiction of the Bankruptcy Court in accordance with the requirements of Section 468B of the IRC and the Treasury regulations issued pursuant thereto.

  13. On the Effective Date, the Trust shall assume all liabilities of each of the Debtors (whether existing at the time of the Trust's creation or arising at any time thereafter) arising from or relating to all Asbestos Related Claims. The Trust shall use the assets and income of the Trust to pay holders of such

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-9-

Case: 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 9 of 39

Asbestos Related Claims and to perform any and all other Trust
duties and obligations as set forth in the Plan and in accordance
with the Trust Agreement, in such a way that all holders of
similar Asbestos Related Claims are treated in a substantially
equivalent manner and to comply in all respects with the
requirements for a trust as provided in Bankruptcy Code section
524(g). All Asbestos Related Claims shall be paid in accordance
with the Trust Agreement, the Matrix and TDP (collectively, the
"Trust Procedures"). All present and future unliquidated Asbestos
Related Claims shall be determined and liquidated, if at all,
pursuant to the Trust Procedures, which shall be established and
implemented by the Trust as provided in the Trust Agreement,
consistent with the provisions of the Bankruptcy Code and this
Order.

14. Pursuant to Bankruptcy Code section 1123(b)(3)(B),
as of the Effective Date, the Trust shall be empowered to
initiate, prosecute, defend, settle and resolve all legal actions
and other proceedings related to any asset, liability or
responsibility of the Trust, including, without limitation, all
Asbestos Insurance Actions and Direct Actions, and to maintain,
administer, preserve or pursue the Asbestos-In-Place Insurance
Coverage, the Asbestos Insurance Action Recoveries and the
Asbestos Insurance Policies, except to the extent that any
Settling Asbestos Insurance Company has been released; provided,
however, that the foregoing provision does not create, modify or
eliminate any right, duty or obligation addressed, resolved or
released pursuant to the Plan or this Order. To accomplish the

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WPS-SF:FJR\61400104

-10-

foregoing, the Trust shall be empowered to initiate, prosecute, defend and resolve all such actions in the name of the Debtors if deemed necessary or appropriate by the Trustees.

15.    The Trust shall be responsible for the payment of: (a) all damages, awards, judgments, settlements, expenses, costs, fees and other charges incurred subsequent to the Effective Date arising from or associated with any such legal action it is empowered to initiate, prosecute, defend and resolve; (b) all unpaid costs affiliated with the Chapter 11 Cases that are costs of administration to the extent incurred prior to the Effective Date that do not represent liabilities either incurred by the Debtors from the operation of their businesses during the Chapter 11 Cases or arising under loans or advances to the Debtors during the Chapter 11 Cases, but in any event subject to subsection (e) below; (c) all reasonable and necessary costs of administering the Chapter 11 Cases from the Effective Date to the entry of a decree closing the Chapter 11 Cases, and thereafter any costs affiliated with any requests to reopen the Chapter 11 Cases and to administer the Chapter 11 Cases if reopened; (d) obligations to the Johns Manville Trust when due; (e) amounts due the USF&G Parties for reimbursement of costs and expenses incurred in connection with the Chapter 11 Cases; (f) amounts due to all professionals under any retention and other agreements approved by the Court, and all remaining obligations of any of the Debtors to their present and former attorneys, F&R, Morgan Lewis, Orrick, MS&R and Brobeck related to or arising from the Coverage Litigation, whether such obligations shall be then due or thereafter due, owing and

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-11-

payable, as more specifically set forth in that certain Agreement Regarding Continued Representation dated as of about April 29, 2003 (the "April Agreement"), entered into by and among Mac Arthur, Western MacArthur, Morgan Lewis, Brobeck, Orrick, MS&R and F&R, and accepted by the Committee and the Futures Representative, and, to the extent not amended or altered by the April Agreement, that certain letter agreement dated November 21, 2002, among the Debtors, F&R and Brobeck; (g) all deductibles, retrospective premium adjustments or other charges that may arise from the receipt of insurance proceeds by the Trust; and (h) all Trust Expenses. The Debtors and Reorganized Debtors shall have no obligation to pay any Trust Expenses.

16. On the Effective Date, the Debtors will assign to the Trust all of their right, title and interest, if any, in and to claims of contribution and indemnification against parties other than Released Parties in respect to Asbestos Related Claims, and the Trust shall investigate, prosecute, settle or abandon such rights as may be determined in the sole discretion of the Trustees.

17. No Entity shall be permitted to execute against or receive distributions from the Trust except in accordance with the terms of the Plan Documents, the Plan, the USF&G Settlement, the Hartford Settlement and this Order.

18. On the Effective Date, the Trust shall be deemed to have assumed all liability arising from or relating to all Asbestos Related Claims, and shall thereafter be responsible for payment of the Asbestos Related Claims. The transfer to, vesting

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-12-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 12 of 39

1  in and assumption by the Trust of the Asbestos Related Claims as
2  contemplated by the Plan, among other things, shall (a) discharge
3  the reorganized Western MacArthur and MacArthur for and in respect
4  of all Asbestos Related Claims, and (b) discharge, release, and
5  extinguish all obligations and liabilities of the Released Parties
6  for or in respect of all Asbestos Related Claims.

7           19.   The appointment of David M. McClain, Alan Brayton,
8  Michael Sieben, Phil Harley, and Jack Clapper as the initial
9  members of the TAC is hereby approved.  The TAC shall be, and
10 hereby is, deemed to be, a "party in interest" on and after the
11 Effective Date within the meaning of Section 1109(b) of the
12 Bankruptcy Code.  On and after the Effective Date, the TAC shall
13 perform the duties and have the rights provided in the Plan
14 Documents.

15          20.   The Trust and the Trustees shall be bound by the
16 terms of this Order, the USF&G Settlement approved hereby, the
17 Hartford Settlement, and any order, including this Order,
18 approving the Hartford Settlement.

19          21.   On the Effective Date, the Trust will own all of
20 the voting shares of Western Asbestos and, upon the occurrence of
21 specified contingencies, shall be entitled to own 51 percent of
22 the shares of Mac Arthur.

23          22.   The Debtors' policies, rights under the policies,
24 or proceeds derived from the policies (collectively, "Insurance
25 Rights") may be vested in the Trust pursuant to Bankruptcy Code
26 section 1123(a)(5)(B), notwithstanding any state law or private
27 contractual provisions to the contrary, and such vesting of

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-13-

1 Insurance Rights shall neither diminish nor impair the
2 enforceability of any of the Asbestos Insurance Policies against
3 a party that is not a Released Party. Neither shall the vesting
4 of the Insurance Rights in the Trust expand those rights. Since
5 the Court has concluded that the vesting of the Insurance Rights
6 in the Trust does not constitute an assignment under the Asbestos
7 Insurance Policies, the vesting of the Insurance Rights in the
8 Trust shall be deemed not to expand those rights.

9       23. As a condition to the receipt of payment from the
10 Trust, individuals holding Asbestos Related Claims, or their
11 authorized agents, will have to execute and deliver a general
12 release in favor of the Settling Asbestos Insurance Companies,
13 including in the case of Hartford, the Hartford Released Parties,
14 and in the case of USF&G, the USF&G Parties, releasing them in
15 full from any and all claims or demands, past, present or future,
16 known or unknown, arising out of or relating to the Policies or
17 any of the insuring relationships of any of the released parties
18 with any of the Debtors, whether for insurance coverage, bad faith
19 or other extra-contractual liability or otherwise allegedly
20 arising out of or relating to the Policies or any of the released
21 parties' insuring relationship with any of the Debtors, including,
22 but not limited to any claim under California Insurance Code §
23 11580 or its subdivisions or related or similar statutes in any
24 jurisdiction.

25       C.    Continuation of Automatic Stay.

26       24. All of the injunctions and/or automatic stays
27 provided for in or in connection with the Chapter 11 Cases,

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF     -14-
WP8-SF:FJR\61400104

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 14
of 39

1  whether pursuant to Bankruptcy Code sections 105 or 362, any other
2  provision of the Bankruptcy Code, or any other applicable law, in
3  existence immediately prior to the Confirmation Date shall remain
4  in full force and effect until the injunctions provided for herein
5  become effective, and thereafter to the extent necessary to
6  implement the Plan, the Plan Documents and the Confirmation Order.
7  The Proponents may seek such further orders as they may deem
8  necessary to preserve the status quo during the time between the
9  Confirmation Date and the Effective Date.

10         D.    Discharge.

11         25.   On the Effective Date, except as provided in the
12  Plan, Western MacArthur and Mac Arthur shall be discharged from
13  any and all Asbestos Related Claims, whether or not (i) a Proof of
14  Claim based on such Asbestos Related Claim was filed or deemed
15  filed under Bankruptcy Code section 501, or such Claim was listed
16  on the Schedules of the Debtor, (ii) such Asbestos Related Claim
17  is or was determined to be in an Allowed Amount by the Trustees of
18  the Trust as provided in the Trust Procedures, or (iii) the holder
19  of an Asbestos Related Claim has voted on or accepted the Plan.
20  All Asbestos Related Claims against the assets and properties of
21  Western MacArthur Co. and Mac Arthur Co. shall be satisfied
22  exclusively from the Trust.

23         26.   No discharge is granted to Western Asbestos;
24  provided, however, Asbestos Related Claims against Western
25  Asbestos are channeled to the Trust as provided in this Order.
26  Because Asbestos Related Claims against Western Asbestos are
27  channeled to the Trust as provided in this Order, Western Asbestos

28

1  shall qualify as a "Released Party" under the terms of the Plan
2  and this Order.

3      27.  Notwithstanding any provision to the contrary,
4  confirmation of the Plan shall not discharge or release any claim
5  or demand of the Debtors, the Trust, or any Asbestos Related
6  Claimant against any Asbestos Insurance Company that is not a
7  Settling Asbestos Insurance Company, including those reserved
8  claims described more fully in the Disclosure Statement and on
9  Exhibit 4 to the Plan.

10      E.  Injunctions.

11      28.  The Futures Representative was appointed by the
12  Court as part of the proceedings leading to the issuance of the
13  injunctions provided for in this Order for the purpose of
14  protecting the rights of persons who might assert Demands of the
15  kind described as Asbestos Related Claims, which are to be paid by
16  the Trust subsequent to Confirmation of the Plan and which are
17  addressed in the injunctions.

18      29.  The injunctions provided for in this Order are to
19  be implemented in connection with the Trust, shall become
20  effective on the Effective Date, and shall continue in effect at
21  all times thereafter; provided, however, that the injunctions
22  provided for herein pursuant to Bankruptcy Code section 524(g)
23  shall not be effective until an order confirming the Plan is
24  issued by the United States District Court for the Northern
25  District of California or or this Order is affirmed by said
26  District Court.

27
28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104                                                          -16-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 16
of 39

1          30.   Except as specifically provided in the Plan, Plan
2 Documents or this Order to the contrary, the entry of this Order
3 shall enjoin the commencement or continuation of any action, the
4 employment of process, or any act to collect, recover from, or
5 offset (i) any Asbestos Related Claim against the Debtors and
6 Reorganized Debtors by any Entity, and (ii) any cause of action,
7 whether known or unknown, against the Released Parties arising out
8 of or relating to any Asbestos Related Claim.

9          31.   Subject to the applicable reservations contained in
10 Paragraph 35, *infra*, all Entities that have held or asserted, that
11 hold or assert, or that may in the future hold or assert any
12 Asbestos Related Claim or cause of action (including, but not
13 limited to, any Asbestos Related Claim or any claim or demand for
14 or respecting any Trust Expense) against the Released Parties (or
15 any of them) arising out of or related to any Asbestos Related
16 Claim, whenever and wherever arising or asserted (including, but
17 not limited to, all Asbestos Related Claims in the nature of or
18 sounding in tort, contract, warranty, bad faith, competition law,
19 unfair or deceptive practices law, conspiracy, statute or any
20 other body, theory or principle of law, equity or admiralty
21 whatsoever) shall be permanently stayed, restrained and enjoined
22 from taking any action for the purpose of directly or indirectly
23 collecting, recovering, or receiving payments, satisfaction, or
24 recovery with respect to any such Asbestos Related Claim from or
25 against any Released Party, including, but not limited to:

26          a.   commencing or continuing in any manner any
27          action or other proceeding of any kind against any Released

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF      -17-
WP8-SF:FJR\61400104

Case: 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 17
of 39

1    Party, or against the property of any Released Party, with
2    respect to any Asbestos Related Claim;

3                b.    enforcing,    attaching,    collecting    or
4    recovering, by any manner or means, any judgment, award,
5    decree or order against any Released Party, or against the
6    property of any Released Party, with respect to any Asbestos
7    Related Claim;

8                c.    creating, perfecting or enforcing any Lien of
9    any kind against any Released Party, or the property of any
10   Released Party, with respect to any Asbestos Related Claim;

11               d.    asserting or accomplishing any setoff, right
12   of subrogation, indemnity, contribution or recoupment of any
13   kind against any obligation due any Released Party or against
14   the property of any Released Party with respect to any
15   Asbestos Related Claim; and

16               e.    taking any act, in any manner, in any place
17   whatsoever, that does not conform to, or comply with, the
18   provisions of the Plan Documents relating to any Asbestos
19   Related Claim.

20        32.  To preserve and promote the property of the Estates
21   and the settlements contemplated by and provided for in the Plan
22   and agreements approved by the Bankruptcy Court, and in the
23   exercise of the equitable jurisdiction and power of the Bankruptcy
24   Court, and under sections 524(g) and 105(a) of the Bankruptcy
25   Code, Asbestos Related Claims shall be channeled to, and paid
26   solely from, the Trust.  Subject to the applicable reservations
27   contained in Paragraph 35, *infra*, all Entities that have held or

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF                    -18-
WP8-SF:FJR\61400104

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 18
of 39

1 asserted, that hold or assert, or that may in the future hold or
2 assert any Asbestos Related Claim shall be permanently stayed,
3 restrained and enjoined from taking any action for the purpose of
4 directly or indirectly collecting, recovering or receiving payment
5 or recovery with respect to any such Asbestos Related Claim from
6 or against any Released Party, any Entity that becomes a direct or
7 indirect transferee of or successor to any assets of any of the
8 Debtors (to the extent of liability by reason of such transfer or
9 succession), any party with a financial interest in any of the
10 Debtors, or any party that was, is, or becomes involved in the
11 management of the Debtors or was, is or becomes an officer,
12 director, Agent or employee of any of the Debtors, including, but
13 not limited to:

14         a. commencing or continuing in any manner any
15 action or other proceeding of any kind against any Released
16 Party, or against the property of any Released Party, with
17 respect to any such Asbestos Related Claim;

18         b. enforcing, attaching, collecting or
19 recovering, by any manner or means, any judgment, award,
20 decree, or order against any Released Party, or against the
21 property of any Released Party, with respect to any Asbestos
22 Related Claim;

23         c. creating, perfecting, or enforcing any Lien of
24 any kind against any Released Party, or the property of any
25 Released Party, with respect to any Asbestos Related Claim;

26         d. asserting or accomplishing any setoff, right
27 of subrogation, indemnity, contribution or recoupment of any

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-19-

Case 02-46284 Doc# 1205 Filed: 01/27/04 Entered: 01/28/04 13:53:01 Page 19 of 39

kind against any obligation due any Released Party, or against the property of any Released Party, with respect to any Asbestos Related Claim; and

e. taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents relating to any Asbestos Related Claim.

33. To preserve and promote settlements contemplated by and provided by the Plan and agreements approved by the Bankruptcy Court and in the exercise of the equitable jurisdiction and power of the Bankruptcy Court under sections 524(g) and 105(a) of the Bankruptcy Code, subject to the applicable reservations contained in Paragraph 35, *infra*, all Entities shall be permanently stayed, restrained and enjoined from taking any action or making any demand against the Settling Asbestos Insurance Companies (but in no circumstance any Other Insurer (or an Other Insurers' successors and assigns even if such successor or assignee is a Settling Asbestos Insurance Company) against whom the Debtors or the Trust have potential rights of recovery for Asbestos Related Claims, unless such Other Insurer becomes a Settling Asbestos Insurance Company), and their subsidiaries, affiliates, predecessors, successors or assigns, and their present and future Agents, for any actions, claims, demands, or obligations whatsoever[3] (including, without limitation, any obligation for defense costs), past, present or future, known or unknown, arising

---

[3] The foregoing includes, without limitation, Insurance Coverage Claims, Direct Actions Claims, and Extra-Contractual Liability Claims as those terms are defined in the Hartford Settlement.

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104
-20-

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 20 of 39

out of, in connection with or relating to the Policies or any of the Settling Asbestos Insurance Companies' insuring relationship with any of the Debtors, including any claim for "bad faith" or extra-contractual liability, and further including but not limited to any claim under California Insurance Code Section 11580 or its subdivisions or related or similar statutes in any jurisdiction or any other claim by any person or entity for insurance coverage or damages, indemnity, contribution, defense, equitable relief or otherwise relating to the Policies, the Coverage Litigation, any Asbestos Related Claim, or any other matter or claim relating to the Policies by any party including any direct claim by a third-party against any Settling Asbestos Insurance Company arising out of or relating to the Policies or any Settling Asbestos Insurance Company's insuring relationship with any of the Debtors; provided, however, that the Supplemental Injunction shall not preclude the Debtors from enforcing their rights with respect to the USF&G Continuing Indemnity Obligations, their rights under the Hartford Agreement, or any other rights reserved under any other settlement agreement with a Settling Asbestos Insurance Company. The actions so stayed, restrained and enjoined shall include, but are not limited to:

           a. commencing or continuing in any manner any action or other proceeding of any kind with respect to any such claim, demand or cause of action against any Settling Asbestos Insurance Company, or against the property of any Settling Asbestos Insurance Company, with respect to any Asbestos Related Claim;

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-21-

Case 02-46284 Doc# 1205 Filed: 01/27/04 Entered: 01/28/04 13:53:01 Page 21 of 39

b. enforcing, attaching, collecting or recovering, by any manner or means, any judgment, award, decree or order against any Settling Asbestos Insurance Company, or against the property of any Settling Asbestos Insurance Company, with respect to any Asbestos Related Claim;

c. creating, perfecting or enforcing any Lien of any kind against any Settling Asbestos Insurance Company, or the property of any Settling Asbestos Insurance Company, with respect to any Asbestos Related Claim;

d. asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due any Settling Asbestos Insurance Company, or against the property of any Settling Asbestos Insurance Company, with respect to any Asbestos Related Claim; and

e. taking any act, in any manner, in any place, that does not conform to, or comply with, the provisions of the Plan Documents relating to any Asbestos Related Claim.

34. To preserve and promote the property of the Estates and the settlements contemplated by and provided for in the Plan, and to supplement, where necessary, the injunctive effect of the discharge and releases detailed herein, and pursuant to the exercise of the equitable jurisdiction and power of the court under sections 524(g) and 105(a) of the Bankruptcy Code, subject to the applicable reservations contained in Paragraph 35, *infra*, all Entities that have held or asserted, that hold or assert, or

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-22-

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 22 of 39

1 that may in the future hold or assert any claim, demand, or cause
2 of action (including, but not limited to, any Asbestos Related
3 Claim, or any claim or demand for or respecting any Trust
4 Expense), against an Asbestos Insurance Company based on or
5 relating to any Claim, Asbestos In-Place Insurance Coverage, or
6 Asbestos Insurance Policy, whenever and wherever arisen or
7 asserted (including, but not limited to, all Asbestos Related
8 Claims in the nature of or sounding in tort, contract, warranty,
9 or any other theory of law, equity or admiralty) shall, be
10 permanently stayed, restrained and enjoined from taking any action
11 without the express permission of the Trustees for the purpose of
12 directly or indirectly collecting, recovering or receiving
13 payments, satisfaction or recovery with respect to any such claim,
14 demand or cause of action, including, but not limited to:

15          a.    commencing or continuing in any manner any
16     action or other proceeding of any kind with respect to any
17     such claim, demand or cause of action against any Asbestos
18     Insurance Company, or against the property of any Asbestos
19     Insurance Company, with respect to any Asbestos Related
20     Claim;

21          b.    enforcing,    attaching,    collecting    or
22     recovering, by any manner or means, any judgment, award,
23     decree or order against any Asbestos Insurance Company, or
24     against the property of any Asbestos Insurance Company, with
25     respect to any Asbestos Related Claim;

26          c.    creating, perfecting or enforcing any Lien of
27     any kind against any Asbestos Insurance Company, or against

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104
-23-

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 23
of 39

the property of any Asbestos Insurance Company, with respect to any Asbestos Related Claim;

d. asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind against any obligation due any Asbestos Insurance Company, or against the property of any Asbestos Insurance Company, with respect to any Asbestos Related Claim; and

e. taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan Documents relating to any Asbestos Related Claim.

35. Notwithstanding any provision to the contrary contained in Paragraphs 31, 32, 33, and 34, *supra*, the injunctions issued shall not enjoin (unless such reservation is expressly qualified below to apply only to a particular Paragraph):

a. the rights of Entities to the treatment accorded them under Articles 1 and 3 of the Plan, as applicable;

b. the rights of Entities to assert any Claim, debt, obligation or liability for payment of Trust Expenses against the Trust;

c. the rights of a holder of an Asbestos Related Claim, with the approval of the Trustees, to assert claims pursuant to Section 12.16 of the Plan and Paragraph 61 of this Order, but not for the purpose of enforcement of any rights against a Settling Asbestos Insurance Company, and the rights of the Trust and the Debtors to prosecute any Asbestos

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-24-

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 24
of 39

Insurance Action against an Asbestos Insurance Company that is not a Released Party to the extent that right to prosecute is not derived from a claim against a Released Party, unless the right of action was expressly assigned to the Trust;

d. with respect to Paragraph 31 only, any Administrative Claim, Priority Tax Claim, Class 1 Claim, Class 2 Claim or Class 3 Claim, to the extent it is not an Asbestos Related Claim;

e. with respect to the Paragraph 31, 32, and 33 only, the rights of Entities to assert any Claim, debt, obligation or liability for payment against an Asbestos Insurance Company that is not a Released Party, unless otherwise enjoined by order of the Bankruptcy Court or estopped by provision of the Plan;

f. with respect to Paragraph 34 only, the rights of the Trust and the Debtors to assert any Claim, debt, obligation or liability for payment against an Asbestos Insurance Company that is not a Released Party unless otherwise enjoined by order of the Bankruptcy Court or estopped by provision of the Plan; and

g. with respect to Paragraph 34 only, the rights of the Trust and the Debtors to assign a cause of action against an Asbestos Insurance Company that is not a Released Party to a claimant (or to allow such claimant to retain such cause of action) and for such claimant to assert any claim, debt, obligation or liability for payment against such

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-25-

Case: 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 25 of 39

1  Asbestos Insurance Company for itself and/or on behalf of the
2  Trust.

3      36.  Notwithstanding any other provision of the Plan to
4  the contrary, the satisfaction, release and discharge, and the
5  injunctions set forth in this Order, shall not serve to satisfy,
6  discharge, release or enjoin claims by any Entity against (a) the
7  Trust for payment of Asbestos Related Claims in accordance with
8  the Trust Procedures, or (b) the Trust for the payment of Trust
9  Expenses.

10     37.  The following entities, but only upon consummation
11  of their respective settlement agreements, including the payment
12  of the funds due thereunder, are designated as "Settling Asbestos
13  Insurance Companies" for purposes of the Plan and this Order,
14  whereupon each will be entitled to all the protections and
15  benefits therein and herein: (a) the USF&G Parties, and (b)
16  Hartford and the Hartford Released Parties.  The USF&G Parties,
17  Hartford and the Hartford Released Parties are, but only upon
18  consummation of their respective settlement agreements, including
19  the payment of the funds due thereunder, additionally accorded the
20  status of "Released Parties" under the Plan and this Order.

21     F.   Executory Contracts.

22     38.  All executory contracts and unexpired leases not
23  heretofore assumed or rejected shall, as of the Confirmation Date
24  (subject to the occurrence of the Effective Date), be deemed to
25  have been assumed by the Debtor (including, without limitation,
26  the USF&G Settlement), with the exception of any executory
27  contracts under which the Debtors would have or retain any

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104
-26-

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 26
of 39

obligation to pay or be liable for any Asbestos Related Claim, which executory contracts are hereby rejected.

G.    Administrative Claims.

39.    Unless otherwise agreed to by Proponents and the holder of such Claim, each holder of an allowed Administrative Claim shall receive Cash equal to the unpaid portion of such allowed Administrative Claim on or before the later of (a) the Effective Date, (b) the date such claim becomes an allowed Administrative Claim, and (c) such other date as is mutually agreed upon by the Debtors (or Reorganized Debtors) and the holder of such allowed Administrative Claim; provided, however, that Administrative Claims that represent liabilities either incurred by the Debtors in the ordinary course of their business during the chapter 11 cases or arising under loans or advances to the Debtors during the Chapter 11 Cases shall be paid by Reorganized Debtors in the ordinary course of their business and in accordance with any terms and conditions of any agreements relating thereto.

H.    Continuation of Committee and Futures Representative.

40.    The Committee and the Futures Representative shall continue in existence until the Effective Date.    After the Effective Date, the Futures Representative shall continue in existence, and the rights, duties and responsibilities of the Futures Representative shall be as set forth in the Plan Documents. After the Effective Date, the duties of the Committee shall be limited to the prosecution and defense of any adversary proceeding and appeals to which the Committee is a party on the Effective Date and to present fee applications.    For all other

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-27-

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 27
of 39

1 purposes, the Committee will, on the Effective Date, be dissolved
2 and the members, attorneys, accountants and other professionals
3 thereof shall be released and discharged of and from all further
4 authority, duties, responsibilities, liabilities and obligations
5 related to, or arising from, the Chapter 11 Cases.

6 I. Continuation Of USF&G Funding Of Certain Administrative
7 Costs.

8 41. The USF&G Parties shall continue to pay
9 Administrative Claims that do not represent liabilities either
10 incurred by the Debtors in the ordinary course of their business
11 during the Chapter 11 Cases or arising under loans or advances to
12 the Debtors during the Chapter 11 Cases, incurred through the
13 Effective Date to the extent provided in the USF&G Settlement
14 Agreement; provided, however, that nothing in this section shall,
15 or shall be deemed to, affect the USF&G Parties' right to
16 reimbursement from the Trust as provided for in the USF&G
17 Settlement.

18 J. USF&G Reimbursement Rights.

19 42. The Trust and, to the extent necessary for the
20 Trust to act, the Trustees shall, within fifteen days following
21 recovery of any amounts, whether by judgment, settlement or
22 otherwise, from any Asbestos Insurance Company that is not a USF&G
23 Party, reimburse to the USF&G Parties from any such recoveries,
24 prior to any other payment by the Trust from any such recoveries:

25 a. the amounts advanced under Sections 3.2(a)(i)
26 through (iii) of the USF&G Settlement;

27
28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-28-

b. fees and expenses of the USF&G Parties in connection with the USF&G Parties' efforts to obtain Plan Approval to the extent undertaken in the interest of the Debtors, the USF&G Parties and Asbestos Related Claimants, and not solely for the benefit of the USF&G Parties, that were requested in writing to be performed by certain counsel to holders of Asbestos Related Claims, being the law firms of: (i) Kazan, McClain, Edises, Abrams, Fernandez, Lyons & Farrise, PLC, (ii) Brayton Purcell, and (iii) The Wartnick Law Firm; and

c. interest on (a) and (b) above at the 30-day T-bill rate accrued from the dates of payment of the foregoing by the USF&G Parties until the date of payment by the Trust; but in no event shall such amounts, fees, expenses and interest exceed the amounts recovered by the Trust.

K. Settlements.

43. The USF&G Settlement is hereby approved in all respects.

44. On the Effective Date, each Debtor (on its own behalf and on behalf of any person or entity claiming by or through such Debtor) shall be deemed to have released each Settling Asbestos Insurance Company, and their respective subsidiaries, affiliates, predecessors, successors and assigns (but in no circumstances shall this provision be deemed to release any Other Insurer (or such Other Insurer's successors and assigns even if such successor or assignee is a Settling Asbestos Insurance Company) against whom the Debtors or the Trust have

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-29-

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 29 of 39

1 | potential rights or recoveries for Asbestos Related Claims), and
2 | their past, present and future directors, officers, Agents and
3 | representatives, in full from any and all claims, demands or
4 | obligations whatsoever (including, without limitation, any
5 | obligation for defense costs), past, present or future, known or
6 | unknown, arising out of, in connection with or relating to the
7 | Policies or any of the Settling Asbestos Insurance Companies'
8 | insuring relationship with any of the Debtors, whether for
9 | insurance coverage, bad faith or other extra-contractual liability
10 | or otherwise allegedly arising out of or relating to the Policies
11 | or any of the Settling Asbestos Insurance Companies' insuring
12 | relationship with any of the Debtors, provided, however, that a
13 | Settling Asbestos Insurance Company shall not be released from any
14 | claims expressly reserved in the settlement agreement with the
15 | Settling Asbestos Insurance Company, including in the case of the
16 | USF&G Settlement, the USF&G Parties shall not be released by the
17 | Debtors from, and shall remain liable to the Debtors for the USF&G
18 | Continuing Indemnity Obligations.

19 |      45. On the Effective Date, the USF&G Parties on their
20 | own behalf and on behalf of any person claiming by or through the
21 | USF&G Parties shall be deemed to have released the Debtors and
22 | their subsidiaries, affiliates, predecessors, successors or
23 | assigns, and their present and future directors, officers, Agents
24 | and representative, the Debtors' Counsel and their members, the
25 | Asbestos Plaintiffs, the Asbestos Plaintiffs' Counsel and their
26 | members of and from any and all claims, demands or obligations
27 | whatsoever, past, present or future, known or unknown, for damages
28 |

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-30-

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 30
of 39

1  or equitable relief that they may possess against the releasees,
2  arising out of or relating to the Existing Coverage Litigation,
3  the Chapter 11 Cases, the obtaining of any judgment against any of
4  the USF&G Parties, and the USF&G Parties' relationship with any of
5  the Debtors, the Debtors' Counsel, the Asbestos Plaintiffs, or the
6  Asbestos Plaintiffs' Counsel.[4]

7       46.  The Hartford Settlement is hereby approved in all
8  respects.

9       47.  The Trust Procedures are hereby approved in all
10 respects; provided, however, that the preemptive effect, if any,
11 of the Trust Procedures on the rights of the Objecting Insurers is
12 not hereby adjudicated.

13      48.  The settlement embodied in Section 5.4 of the TDP
14 (the "Default Judgment Settlement") is hereby approved in all
15 respects.

16      49.  The revised settlement establishing the Initial
17 Payment Percentage at 29 percent is hereby approved in all
18 respects.

19 L.   General Accident.

20      50.  All proceeds remaining on the Petition Date,
21 including interest thereon, from the Debtors' settlement with
22 General Accident (the "General Accident Settlement") on the
23 Effective Date shall become subject to the direction and control
24 of only the Trustees of the Trust, who shall maintain such
25 proceeds segregated from all other funds and use such proceeds

27 [4] Capitalized terms utilized but not defined in Paragraphs 44 and 45 shall have the meanings
28     ascribed to them in the USF&G Settlement.

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF          -31-
WP8-SF:FJR\61400104

Case: 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 31
of 39

1 only to pay individuals' bodily injury claims that are Asbestos
2 Related Claims against Western Asbestos.

3      51.  The provisions of this Order shall not invalidate
4 the Settlement Agreement between General Accident and the Debtors,
5 or the Stipulated Judgment between General Accident and Western
6 Asbestos, except that it shall bar any affirmative monetary
7 recovery against any of the Persons protected by the injunctions
8 to the extent thereof based on any conduct occurring prior to the
9 entry of this Order, including on account of "claims" as defined
10 in Bankruptcy Code section 101(5).

11      M.   Exoneration.

12      52.  Neither the Plan Proponents nor any of their
13 respective Agents shall be liable other than for willful
14 misconduct to any holder of a Claim or Interest or any other
15 Entity with respect to any action, omission, forbearance from
16 action, decision or exercise of discretion taken at any time prior
17 to the Effective Date in connection with: (a) the management or
18 operation of the Debtors, or the discharge of their duties under
19 the Bankruptcy Code;  (b) the implementation of any of the
20 transactions provided for, or contemplated in, the Plan or Plan
21 Documents, or any settlements entered into in respect to the Plan;
22 (c) any action taken in connection with either the enforcement of
23 any of the Debtors' rights against any Entities or the defense of
24 Claims asserted against the Debtors with regard to the
25 Reorganization Cases; (d) any action taken in the negotiation,
26 formulation, development, proposal, disclosure, Confirmation or
27 implementation of the Plan or the Plan Documents filed in the

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF       -32-
WP8-SF:FJR\61400104

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 32
of 39

Reorganization Cases; (e) the Hartford Settlement, (f) the USF&G Settlement, or (f) the administration of the Plan or the Trust or the assets and property to be distributed pursuant to the Plan. The Plan Proponents, as well as their respective Agents, may reasonably rely upon the opinions of their respective counsel, accountants and other experts or professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of willful misconduct; provided, however, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith or willful misconduct. The foregoing shall not apply, however, to pre-Petition Date activities except insofar as they relate to the negotiation and documentation of the USF&G Settlement, the Plan, the Plan Documents, and the Disclosure Statement.

N.    Subordination.

53.    On the Effective Date, Western MacArthur will subordinate to the full payment of Asbestos Related Claims all of its rights of contribution and indemnification, if any, against Western Asbestos arising out of the Asbestos Related Claims imposed on Western MacArthur by operation of law as a result of Western MacArthur's status as successor in interest to Western Asbestos, except as may be necessary for the Trust to have access to Western Asbestos' insurance proceeds for the benefit of the Trust at the Trustees' discretion.

O.    Jurisdiction.

54.    Following the entry of the Confirmation Order, the administration of the Chapter 11 Cases will continue until the

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-33-

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 33 of 39

1 completion of the transfers contemplated to be accomplished on the
2 Effective Date. Following the Effective Date, until the Chapter
3 11 Cases are closed, the Bankruptcy Court shall retain the most
4 extensive jurisdiction permissible, including that necessary to
5 ensure that the purposes and intent of the Plan are carried out,
6 including, without limitation, as provided in Sections 12.1, 12.2
7 and 12.3 of the Plan and with respect to declaratory relief
8 actions as described in the Confirmation Decision.

9      P.   Case Closing.

10      55.  The Chapter 11 Cases may be closed notwithstanding
11 the continuing reservation of jurisdiction over certain issues
12 arising under the Trust and their closure will not affect the
13 Court's continuing jurisdiction. Upon closure of the Chapter 11
14 Cases, all quarterly and annual reports that are to be filed with
15 the Bankruptcy Court under the terms of the Trust Agreement shall
16 instead be filed with the U.S. Trustee. Any U.S. Trustee fees
17 required to be paid after the effective date of the Plan,
18 including any fees required to be paid in connection with the
19 reopening of these cases, shall be paid solely by the Trust.

20      56.  Notwithstanding any closing of the Chapter 11
21 Cases, any person with the right to reopen the case, including
22 without limitation, any of the Trustees, the Futures
23 Representative, TAC or Reorganized Debtors may move, on notice
24 limited to each of the rest of them and the U.S. Trustee, to
25 reopen the Chapter 11 Cases for the purpose of seeking relief
26 pursuant to the retained jurisdiction of the Bankruptcy Court
27 provided herein, in the Plan or under applicable law.

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF     -34-
WP8-SF:FJR\61400104

Case: 02-46284  Doc# 1205  Filed: 01/27/04  Entered: 01/28/04 13:53:01  Page 34
of 39

1    Q.    <u>Notice</u>.

2          57.    Pursuant to Rules 2002(f)(7), 2002(k), and 3020(c)

3    of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"),

4    counsel for the Debtors shall serve copies of this Confirmation

5    Order, as entered by the Court, on (i) counsel for the Committee

6    appointed in the Chapter 11 Cases; (ii) counsel for the Futures

7    Representative;    (iii)    the    attorneys    representing    Asbestos

8    Claimants who as of the date this Confirmation Order had submitted

9    a ballot accepting or rejecting the Plan, and (iv) all other

10   Persons or Entities that, as of the date of Confirmation, had

11   filed a notice of appearance and request for special notice.

12         R.    Plan Amendments

13         58.    All modifications to the Plan filed or announced

14   prior to the conclusion of the Confirmation Hearing, including the

15   modifications of the Plan and the Plan Documents as set forth in

16   the Plan and this Order, are approved as mere clarifications of or

17   technical amendments to the Plan not resulting in a material

18   adverse change in the treatment under the Plan of any of the

19   Debtors' creditors and equity security holders who previously

20   accepted the Plan.    These Plan modifications do not require

21   additional disclosure under Bankruptcy Code section 1125 or

22   resolicitation of votes under Bankruptcy Code section 1126, nor do

23   they require that holders of Claims or Equity Interests be

24   afforded an opportunity to change previously cast acceptances or

25   rejections of the Plan.    Pursuant to Bankruptcy Rule 3019, such

26   modifications shall be deemed accepted by all of the Debtors'

27

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF                -35-
WP8-SF:FJR\61400104

Case: 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 35
of 39

1 creditors and equity security holders who previously accepted the
2 Plan.

3      59. The Plan is hereby modified as provided in this
4 Order, including as follows:

5      a. Section 3.2(d) of the Plan is amended to add
6 "Notwithstanding any other provision of the Plan to the
7 contrary," at the beginning thereof;

8      b. Section 7.1(d) of the Plan is amended to
9 replace "all of the" with "51 percent;"

10      c. The definition of "Settling Asbestos Insurance
11 Company" in the "Glossary of Terms For The Plan Documents,"
12 and as used throughout the Plan and the Plan Documents, is
13 hereby modified by deleting the phase "before the Effective
14 Date" and replacing it with "before the earlier of (i) the
15 Effective Date, or (ii) the date upon which the United States
16 District Court for the Northern District of California issues
17 or affirms the Confirmation Order as required by Bankruptcy
18 Code section 524(g)(3)(A)"; and

19      d. The pseudonym under which one or more of the
20 Debtors can be sued on an Asbestos Related Claim following
21 the Effective Date as provided in Section 12.16 of the Plan
22 is hereby changed from the "Western Asbestos Settlement
23 Trust" to "Western DebtorCo."

24     S. Miscellaneous.

25      60. Except as otherwise expressly provided in the Plan
26 or otherwise allowed by Final Order of the Court, no interest,
27
28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF     -36-
WP8-SF:FJR\61400104

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 36
of 39

1 penalty, or late charge arising after the Petition Date shall be
2 Allowed on any Claim or Interest.

3    61.  If for any reason it is necessary or appropriate
4 under nonbankruptcy law in order to obtain the benefit of
5 insurance coverage or to establish an Asbestos Related Claim
6 against the Trust or a Debtor to commence, with the approval of
7 the Trustees, an action against a Debtor in a forum other than the
8 Bankruptcy Court, and to the extent that such an action is
9 otherwise permitted after giving effect to the injunctions issued
10 by this Order and the terms of the Plan, any such complaint
11 commencing such an action shall name, in lieu of any of the
12 Debtors allegedly liable for such Claim, "Western DebtorCo, "
13 which action shall be deemed by operation of law to be an action
14 against the Debtor allegedly liable for the alleged Asbestos
15 Related Claim.  Under no circumstances shall such an action name
16 one of the Debtors by their corporate name.  Nothing in this
17 Section shall be deemed to limit or adversely affect (a) any
18 discharge of Western MacArthur or MacArthur, (b) the assumption by
19 the Trust of any Asbestos Related Claim against any Debtor, or (c)
20 the channeling of any Asbestos Related Claim against any Debtor
21 under or as a result of the Plan.

22    62.  The failure to reference or discuss any particular
23 provision of the Plan in this Confirmation Order shall have no
24 effect on the validity, binding effect, and enforceability of such
25 provision and such provision shall have the same validity, binding
26 effect, and enforceability as every other provision of the Plan.

27
28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104                                                                    -37-

Case 02-46284   Doc# 1205   Filed: 01/27/04   Entered: 01/28/04 13:53:01   Page 37
of 39

1        63. The Court hereby reserves jurisdiction to determine
2 by subsequent order the extent, if any, to which Settling Asbestos
3 Insurance Companies with respect to their respective settlement
4 agreements are entitled to the protections afforded by Bankruptcy
5 Code section 363(m).

6        64. In the event that the Effective Date does not
7 occur, then (i) the Plan, (ii) assumption or rejection of
8 executory contracts or unexpired leases pursuant to the Plan,
9 (iii) any document or agreement executed pursuant to the Plan, and
10 (iv) any actions, releases, waivers, or injunctions authorized by
11 this Order or any order in aid of consummation of the Plan shall
12 be deemed null and void. In such event, nothing contained in this
13 Confirmation Order, any order in aid of consummation of the Plan,
14 the Disclosure Statement, or the Plan, and no acts taken in
15 preparation for consummation of the Plan, (a) shall be deemed to
16 constitute a waiver or release of any Claims or Equity Interests
17 by or against the Debtors or any other persons or entities, to
18 prejudice in any manner the rights of the Debtors or any person or
19 entity in any further proceedings involving the Debtors or
20 otherwise, or to constitute an admission of any sort by the
21 Debtors or any other persons or entities as to any issue, or (b)
22 shall be construed as a finding of fact or conclusion of law in
23 respect thereof.

24        65. To the extent of any inconsistency between the
25 provisions of the Memorandum of Decision, the Partial Summary
26 Judgment Order or the Plan and this Confirmation Order, the terms
27 and conditions contained in this Confirmation Order shall govern.

28

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-38-

Case 02-46284    Doc# 1205    Filed: 01/27/04    Entered: 01/28/04 13:53:01    Page 38
of 39

The provisions of this Confirmation Order are integrated with each
other and are nonseverable and mutually dependent unless expressly
stated otherwise by further order of the Bankruptcy Court.

Dated: January 27, 2004
       Oakland, California

_Leslie Tchaikovsky_

THE HONORABLE LESLIE TCHAIKOVSKY
UNITED STATES BANKRUPTCY JUDGE

WESTERN ASBESTOS COMPANY, WESTERN MACARTHUR CO., AND MAC ARTHUR CO.
JOINTLY ADMINISTERED UNDER NO. 02-46284 T
ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF
WP8-SF:FJR\61400104

-39-