

**Signed: November 05, 2004**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA


In re                                          No. 02-46284 T, 02-46285 T,
                                               02-46286 T
WESTERN ASBESTOS COMPANY, et                        Chapter 11
al.,                                           (Jointly Administered)

        Reorganized Debtors.
_____/

### ORDER RE APPLICATION FOR FEES AND EXPENSES AS SUBSTANTIAL CONTRIBUTION

The application of Baron & Budd, P.C. ("Baron & Budd") for allowance of an administrative claim for attorneys' fees and expenses under 11 U.S.C. § 503(b) was presented to the Court on October 26, 2004. As set forth in the Memorandum of Decision filed herewith, the Court has determined that Baron & Budd has standing to assert such a claim even though its clients, the creditors, have not paid the attorneys' fees and expenses in question. However, as noted at the hearing, the Court requires additional information to determine which activities, if any, made a substantial contribution and, if so, the appropriate amount of

any administrative claim. The Court agreed to give Baron & Budd instructions on what additional information was required and to permit it to supplement its application. These instructions are set forth below.

In the body of the application, Baron and Budd identifies five critical contributions to the case: (1) objections to the disclosure statement based on problems with the plan, (2) objections to the plan based on its classification and treatment of the claims; (3) objections to the lack of adequate information in the disclosure statement, (4) objections to the proposed notice of the disclosure statement and plan, and (5) objections to the proposed form of the ballot. The discussion of the contribution made in each of these categories is extremely brief. Instead of explaining the contribution made more fully, Baron & Budd relies on the Court's memory and refers the Court to the documents filed and the revisions subsequently made. In addition, Baron & Budd does not specify the hours spent and fees and expenses requested with respect to each category. This approach places an unreasonable burden on the Court. Baron & Budd is directed to supplement the application to explain the contribution made in each category in more detail and to specify the time and charges related to each category.

Two declarations were filed in support of the application: i.e., the declaration of Sander L. Esserman, a shareholder in the Law Firm of Stutzman, Bromberg, Esserman & Plifka, P.C. and the declaration of Michael D. Cooper, a partner in the Law Firm of

2

Wendel, Rosen, Black & Dean LLP.  Both declarations authenticate attached time sheets describing the work done for which fees and expenses are requested.

Both sets of time sheets are insufficient to some extent.

Although the time sheets need not comply strictly with the Court's guidelines for court appointed counsel, they do need to be organized in such a fashion and include sufficient detail to permit a meaningful review.  The first problem with both sets of time sheets is that the time entries are not segregated by category.  If the Court concludes that some categories made a substantial contribution and that others did not, it will only wish to review the time entries relating to the contributing categories.  The applicants are in a better position than the Court to determine which time entries belong in which categories. Thus, the time entries should be broken down by categories.

The time entries list the professional (or paraprofessional) who performed the services and his or her hourly rate.  However, they do not indicate the capacity of the individual--i.e., partner, associate, paralegal--or his or her years of experience. This information should be provided.  The Court has a sense of the experience level of the principal attorneys at both law firms. However, other professionals also performed services.  The Court has little or no specific recollection of these other individuals.

Finally, the Futures Representative objected to, among other things, the redaction of the names of the individual communicated with and the subject matter of the communication in certain of the

3

time entries. The Stutzman Firm indicated that the redactions had been made to protect its attorney-client privilege. The Court is somewhat puzzled by this concern since court appointed counsel are routinely required to include this information in their fee applications and have never been considered to have waived their attorney-client privilege by doing so. Nevertheless, the Court is willing to permit applicants to provide the Court with unredacted time sheets in camera with the time entries broken down into categories. A copy of the unredacted time sheets must be provided to the Futures Representative who shall be required to keep these documents confidential except to the extent necessary to make any further objections to the application. Compliance with this requirement shall not result in the waiver of applicants' attorney-client privilege.

Based on the foregoing, it is hereby

ORDERED that:

1. Baron & Budd file a supplement to its application and shall provide the Court and the Futures Representative with unredacted time sheets, organized by category, by November 19, 2004.

2. The Futures Representative file any further opposition to the application by December 3, 2004.

3. Baron & Budd file a reply to any opposition filed by the Futures Representative by December 10, 2004.

END OF ORDER

4

COURT SERVICE LIST


Office of the United States Trustee
Document placed in UST mailbox located at
US Bankruptcy Court
1300 Clay Street, Third Floor
Oakland, CA  94612

Sander L. Esserman
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan St., Ste. 2200
Dallas, TX 75201-2689

Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219

Michael Cooper
Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

Gary S. Fergus
Fergus, a law firm
595 Market St., Ste. 2430
San Francisco, CA 94115

Fred Holden
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
205 Howard St.
San Francisco, CA 94105

Janet L. Chubb
Jones Vargas
100 W. Liberty St., 12th Floor
P.O. Box 281
Reno, NV 89504-0281